THOMAS PALMER, PETITIONER, *v*. COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 43601. Promulgated May 18, 1931.

*Thomas Palmer* pro se.
*Eugene Harpole, Esq.*, for the respondent.

## OPINION.

TRUSSELL: The issues in this case are all in respect to the computation for income-tax purposes of income realized by the petitioner in 1925 from a sale of Florida lands which the vendor had acquired prior to March 1, 1913. The method of computing the taxable income is not in dispute and we give no consideration to it. We are required to decide purely fact questions with reference to certain factors involved in the computation.

Fifty acres of lands sold were citrus bearing and the petitioner claims that they had a value as of March 1, 1913, greater than the $2,000 per acre which the respondent has assigned to them. In substantiation of his claim the petitioner relies upon his purchase of two acres of contiguous citrus-bearing land in 1913 for which he paid $2,100 per acre. It appears, however, from the testimony of the petitioner, that his motive in acquiring this land was to get rid of a troublesome right of way across his lands and for this reason we think the sale may not be accepted as representative. There is no satisfactory evidence in support of the claim of the petitioner and we have no alternative but to leave unadjusted the valuation allowed by the respondent.

The amount of the cash consideration for the property which the petitioner collected during the taxable year is not in dispute. In addition he received certain promissory notes of the purchaser evidencing agreed-upon deferred payments falling due subsequent to the taxable year. For these notes, which had a face value in the aggregate of $285,000 the respondent has assigned a value when received of $81,710. The petitioner admits that they had some value when received and obviously this is undeniable, for they were secured by a second mortgage upon all of the land and the amount of the superior mortgage was only $20,000. But it does not appear that there was any real market for them or that they had any value in excess of the security behind them. In evaluating that security any prudent invester in the notes would discount the impending

destruction of the orange grove. It was apparent that the operations of the purchaser would quickly reduce the security to that of a second mortgage covering substantially unimproved land wherein no greater value existed than for the purpose of subdivision and sale as building lots upon terms of very little cash down, with deferred payments of practically no readily realizable value. After a consideration of all of the facts in this case we conclude that the notes which were due subsequent to 1925, should be valued for our purposes here at $47,000, in lieu of the value of $81,710 assigned by the respondent. The net income will be recomputed accordingly.

The remaining claim of the petitioner is that respondent has reduced 1913 value and consequently increased the net profit from the sale by an arbitrary amount as representing accumulated depreciation on the orange grove when, in fact, no depreciation was sustained. The uncontradicted testimony shows that the grove was carefully cultivated and cared for so that in 1925 when it was sold it was in prime physical condition and of increased productive capacity. We must conclude that on the facts proven in this particular case no depreciation whatever actually occurred. Such was our conclusion with respect to a grove of walnut trees, upon a proper fact showing, in the case of *Chester B. Knox*, 2 B. T. A. 1107. The case of *Redlands Security Co.*, 5 B. T. A. 956, cited by respondent is not controlling here. In that case it was stipulated that the orange grove in question had a useful life of 30 years but that stipulation had effect to determine facts only in that case. It can not be used to disprove the facts here established.

The action of respondent in reducing the 1913 value used in determining profit on the sale in 1925 by an amount as representing depreciation sustained between those dates is disapproved.

*Judgment will be entered pursuant to Rule 50.*